IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>       Applicant,<br>  vs.<br><br>INFINITI OF FAIRFIELD,<br><br>       Respondent.<br>_____/ | No. MISC S-11-0040 JAM GGH<br><br><br><br><br><br>ORDER ENFORCING SUBPOENA |

Previously pending on this court's law and motion calendar for June 16, 2011 was the application of the Equal Employment Opportunity Commission ("EEOC") for enforcement of administrative subpoena, filed April 14, 2011. Marcia Mitchell appeared for applicant. There was no appearance for respondent. After requesting and receiving supplemental authority from the EEOC, and having reviewed the motion and the documents in support, the court now issues the following order.

BACKGROUND

Applicant seeks enforcement of the January 10, 2011 subpoena issued by the EEOC to respondent, Infiniti of Fairfield (hereinafter respondent). The EEOC makes its application pursuant to § 7(b) of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b), as amended, and § 107 of the Americans with Disabilities Act, 42 U.S.C. § 12117,

1

1  incorporating by reference §§ 709 and 710 of Title VII, as amended, 42 U.S.C. §§ 2000e-8,
2  2000e-9.
3      The subject of this EEOC investigation is Infiniti of Fairfield, respondent, an
4  employer within the meaning of Title VII.  Respondent is located within this judicial district.
5      The EEOC charge, Charge No. 555-2009-00751, alleges termination based on age
6  and disability.  Charging Party Amos J. Corley, Jr.G, a person over the age of 40 with a
7  disability, alleges that he was hired by respondent on March 30, 2009, and abruptly terminated by
8  respondent on April 9, 2009, two days after his 67th birthday, on the basis of his age and
9  disability.  (See Decl. of Michael Connolly, Ex. A.)
10      On May 14, 2009, Mr. Corley filed a charge with the Commission which was
11 cross-filed with the Department of Fair Employment and Housing (hereinafter "DFEH").  On
12 June 23, 2009, the Commission served a Notice of Charge of Discrimination on respondent
13 pertaining to Mr. Corley's allegations.  (Connolly Decl., Ex. C.)  Also on this date, the EEOC
14 sent its Request for Information (hereinafter "RFI") letter to respondent.  (Id., Ex. D.)  The
15 EEOC's RFI letter required respondent to submit various relevant documents by July 23, 2009.
16 (Id.)
17      On July 23, 2010, the EEOC sent a letter to respondent pertaining to Mr. Corley's
18 case because there was no response to the EEOC's request of June 23, 2009.  (Id., Ex. E.)  In that
19 letter, the EEOC once again requested the relevant documents to be produced by August 2, 2010,
20 but informed respondent the EEOC would resort to the subpoena process if the documents were
21 not submitted timely.  (Id.)  After the documents were not produced, the EEOC on September 2,
22 2010, again requested production by September13, 2010.  (Id., Ex. F.)
23      The EEOC received a letter from respondent, dated September 10, 2010, which
24 explained respondent's position on the case, but received no documents.  (Id., Ex. G.)
25      On January 10, 2011, the EEOC served Administrative Subpoena No. SF-11-031
26 by certified mail on respondent's Human Resources Manager, Michelle Lopez.  (Id., Exs. H, I.)

1   The subpoena directed respondent to produce seventeen categories of documents on January 24,
2   2011.  (Id.)  Respondent did not respond to the subpoena or contact the EEOC since that time.
3   (Jensen Decl., ¶ 4.)
4   The EEOC's legal unit made numerous attempts to secure voluntary compliance.
5   In addition to the letters and subpoena set forth above, EEOC legal staff telephoned Ms. Lopez
6   on September 15 and October 19, 2010, regarding the missing documents and subpoena.  (See
7   Decls. of Kristine Jensen, ¶ 3, Ahlam Abdellatif, ¶ 2.)  In addition to failing to respond in any
8   meaningful way to the requests, and totally failing to respond to the subpoena, respondent has not
9   responded in the instant action.

10  DISCUSSION

11  The investigatory subpoena power of the EEOC is based on specific statutory
12  authority.  The EEOC has express statutory authority to issue "subpoenas requiring the
13  attendance and testimony of witnesses or the production of any evidence[1]" during its
14  investigations.  42 U.S.C. § 2000e-9, incorporating the provisions of 29 U.S.C. §§ 161(1).  The
15  EEOC has the power to investigate charges of discrimination and to utilize the statutory
16  subpoena power in doing so.  EEOC v. Children's Hosp. Medical Ctr., 719 F.2d 1426, 1428 (9th
17  Cir.1983); 42 U.S.C. §§ 2000e-5(b); 2000e-8(a); 2000e-9.  In Children's Hospital, the court
18  stated that: "The scope of judicial inquiry in an EEOC or any other agency subpoena enforcement
19  proceeding is quite narrow."  Id. at 1428.   The relevant questions to be addressed by the court
20  are: "(1) whether Congress has granted the authority to investigate; (2) whether procedural
21  requirements have been followed; and (3) whether the evidence is relevant and material to the
22  investigation."  Id.  Once this determination is made, the court must enforce the subpoena "unless
23  the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly

---

25  [1] As cited by the EEOC, evidence may include information required to be compiled by
    the subpoena.  E.E.O.C. v. Tempel Steel Co., 814 F.2d 482, 485, n. 9 (7th Cir. 1987); E.E.O.C. v.
26  Maryland Cup Corp., 785 F.2d 471, 478 (4th Cir. 1986).

burdensome." Id. (citations omitted).  An administrative subpoena thus may not be so broad so as to be in the nature of a "fishing expedition."  Peters v. United States, 853 F.2d 692, 700 (9th Cir.1988).

There is no question, and respondent does not dispute, that the EEOC has the power to issue administrative subpoenas.  Congress not only has authorized but requires the EEOC to investigate charges of discrimination.  42 U.S.C. § 2000e-5(b).[2]  To carry out its investigatory duty, the EEOC has access to "evidence of any person being investigated or proceeded against that relates to unlawful employment practices ... and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a).

Moreover, the method used to gather the information by the EEOC -- subpoena -- is authorized by 42 U.S.C. § 2000e-9 which gives the EEOC the same investigative powers as those provided the National Labor Relations Board in 29 U.S.C. § 161.  The subpoena was served by certified mail on respondent's Human Resources manager, Michelle Lopez, on January 10, 2011.  (Connolly Decl,, Exs. H, I.)  Ms. Lopez did not petition Deputy District Director Connolly to seek the revocation or modification of the subpoena.  29 C.F.R. § 1601.16 (b)(1) ("Any person served with a subpoena who intends not to comply shall petition").  The subpoena stated the name and address of its issuer, identified the evidence subpoenaed, and the person to whom and the place, date and time at which it was returnable.  29 C.F.R. § 1601.16(a)(3)(2003).

In this case, by its subpoena, the EEOC seeks to obtain respondent's documents relating to the age discrimination charge as well as the discrimination charge based on disability;

---

[2] 42 U.S.C. § 2000e-5(b) provides in relevant part:  "Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on- the-job training programs, has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days, and shall make an investigation thereof."

4

number of persons employed during the pertinent time period and at the present time; respondent's organizational structure; principal product or service; legal status of the organization; whether the organization receives federal funding; position statement on each allegation, with supporting documentation; written policies and procedures relating to the charges; person recommending discharge; person who made the final decision to discharge; documents relating to the discharge; discharge procedures in effect at the time; written rules pertaining to employee duties and conduct; documents submitted to or received from the California Department of Employee Development regarding the charging party's application for unemployment benefits; identifying information for all employees disciplined or discharged from January 1, 2008 to present; all employees hired since January 1, 2008; and charging party's personnel and medical files.

These documents and information sought by subpoena are relevant and material because they will assist the EEOC in verifying or discrediting the charges of age and disability discrimination, thus determining whether these charges have merit.[3]

This court finds that applicant has made a prima facie showing that Congress has granted it authority to investigate, that procedural requirements have been followed and that the evidence sought is relevant and material to the investigation. See Children's Hospital, 719 F.2d at 1428. Respondent has failed to respond in this action. Therefore, this court will order that the administrative subpoena be enforced.

Petitioner has requested fees and costs incurred by the EEOC in bringing this action pursuant to the court's inherent authority. This request will be granted upon submission of a declaration supporting the requested amount.

////

---

[3] As provided by the EEOC through the required supplemental filing, a protective order is not necessary as the confidentiality of these records is required to be maintained by law. 42 U.S.C. § 2000e-8(e).

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The EEOC's application for an order to enforce the subpoena issued is granted; the EEOC shall personally serve this order on Infiniti of Fairfield (Respondent).

2. Respondent is ordered to produce the outstanding documents requested in the EEOC's subpoena at the Oakland Local Office of the U.S. Equal Employment Opportunity Commission, 1301 Clay Street, Suite 1170-N, Oakland, California, within ten business days from the date of this order.

3. If respondent is unable to provide any of the documents and information set forth in the subpoena, respondent shall submit a declaration under penalty of perjury that such documents and information do not exist or are not within respondent's custody, possession or control.

4. Petitioner will be awarded fees and costs incurred in enforcing the subpoena, in an amount to be determined upon submission of a declaration supporting the requested amount.

5. Respondent is cautioned that failure to comply with this order may result in the issuance of further sanctions including contempt sanctions.

DATED: June 21, 2011

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH:076/EEOC.Infiniti0040.sub.wpd